UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SONYA WALKER,

    **Plaintiff,**

    v.

                           Civil Action 2:12-cv-134
                           Judge Michael H. Watson
                           Magistrate Judge Elizabeth P. Deavers

ZIMMER, INC., *et al*.,

    **Defendants.**

## REPORT AND RECOMMENDATION

On October 7, 2014, Plaintiff's counsel reported that this case had settled and that the parties anticipated filing a stipulation of dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) within thirty days. When the parties failed to timely file a stipulation of dismissal, the Court directed the parties to file a written report detailing the status of the case on or before January 20, 2015. (ECF No. 12.) Plaintiff's counsel subsequently moved to withdraw. (ECF No. 13.) In the Order granting Plaintiff's counsel's request to withdraw, the Court advised Plaintiff that "she must comply the Court's January 6, 2015 Order and that failure to do so will result in dismissal for failure to prosecute." (ECF No. 14.)

The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*,

370 U.S. 626, 629–31 (1962).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

To date, Plaintiff has failed to timely comply with the Court's January 6, 2015 Order, despite the Court's warning that failure to do so would result in dismissal for failure to prosecute.  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate).

It is therefore **RECOMMENDED** that the Court **DISMISS** this action **WITH PREJUDICE** under Rule 41(b).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**

Date: January 26, 2015

/s/ Elizabeth A. Preston Deavers
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**